DLD-182                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2629
_____

In re:  ROBERT MANCINI; JOY SCHWARTZ;
GREGORY STENSTROM; LEAH HOOPES,

Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 2:24-cv-02425)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 12, 2024

Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: October 1, 2024)
_____

OPINION[*]
_____

PER CURIAM

　　On June 5, 2024, in the United States District Court for the Eastern District of

Pennsylvania, the petitioners sued Delaware County, Pennsylvania, and the Board of

Elections for Delaware County, complaining that the defendants do not properly verify

voting machines or take other actions necessary to ensure the integrity of elections.  The

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

next month, the defendants filed a motion to dismiss the complaint, to which the petitioners filed a response on July 15, 2024.

On September 3, 2024, while the motion was still pending, the petitioners filed a mandamus petition asserting that "[j]ustice delayed in this case will be justice denied" and requesting that we order the District Court to rule immediately on the pending motion to dismiss and to hold trial soon thereafter on the allegations in the complaint if the motion to dismiss were denied. 3d Cir. Doc. No. 1-3 at 4. On September 9, 2024, the District Court granted the motion to dismiss and dismissed the complaint without prejudice to an amendment within 30 days.

In light of the District Court's ruling, this mandamus petition no longer presents a live controversy. Accordingly, we will dismiss it as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot").